IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HERMAN WOODEN,

    Petitioner,

vs.

WARDEN, FSL, Jesup, and
ALL UNIT TEAM MEMBERS AT
FSL - JESUP,

    Respondents.

CIVIL ACTION NO.: CV209-110

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herman Wooden ("Wooden"), who is currently incarcerated at Federal Satellite Low Camp in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Wooden filed a Traverse. Respondent filed a Supplemental Response. Wooden filed a Reply. For the reasons which follow, Wooden's petition should be **DENIED** in part and **DISMISSED** in part.

## STATEMENT OF THE CASE

Wooden was convicted in the Eastern District of Virginia of: conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute approximately two kilograms of cocaine, in violation of 18 U.S.C. § 841(a)(1); and interstate travel in aid of racketeering,

in violation of 18 U.S.C. § 1952. Wooden was sentenced to 292 months' imprisonment, followed by 120 months' supervised release.

In his petition, Wooden contends that he was improperly transferred to FSL Jesup from the Federal Prison Camp in Pensacola, Florida ("FPC Pensacola"). Wooden seeks to be transferred back to FPC Pensacola.

Respondent contends that Wooden did not exhaust his administrative remedies prior to filing this petition. Respondent also contends that Wooden has no right to be housed at any particular penal institution.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent alleges that Wooden filed Administrative Remedy Request Number 534865-F1 ("BP-9") and requested continued enrollment in the March 2009 Residential Drug Abuse Program ("RDAP") class at FPC Pensacola. Respondent also alleges that Wooden's request was denied, and he was advised that he was being transferred to the Federal Correctional Institution ("FCI") in Bastrop, Texas, which offered the RDAP. Respondent contends that Wooden then appealed this decision to the Regional Office by filing Appeal Number 534865-R1 ("BP-10"). Respondent avers that Wooden received a response to his appeal and was informed that he was being transferred to FCI Jesup. According to Respondent, Wooden did not file an appeal with the Central Office by filing a BP-11 request.

Respondent asserts that Wooden filed Administrative Request Number 542935-R1 in which he alleged his transfer delayed him "'other greatly needed benefits[ ]'" and wanted to know the reasons for his transfer. (Doc. No. 7, p. 6). In the response denying his request, Wooden was advised that he was transferred to FCI Bastrop due

AO 72A
(Rev. 8/82)

2

to an incident report he received while he was housed at FPC Pensacola. Respondent alleges that Wooden was also advised that, even though the incident report was expunged, he was still approved for a close supervision transfer to FCI Jesup. Respondent asserts that Wooden filed a Regional Appeal and requested a furlough transfer to FPC Pensacola for the next RDAP class. Respondent contends that Wooden's appeal was denied, and he did not file an appeal with the Central Office.

Instead, Respondent states, Wooden filed another Administrative Remedy Request, Number 543736-F1, and requested a furlough to FPC Pensacola or to another Bureau of Prisons' facility with an RDAP class starting in June 2009. Respondent contends that Wooden's request was denied, and he was informed that he would be housed at FCI Jesup for 18 months before he was considered for a transfer. Wooden then filed a regional appeal, which was denied. According to Respondent, Wooden did not file an appeal of this denial with the Central Office.

Respondent asserts that Wooden filed Administrative Remedy Request Number 544498-F1, and sought a furlough to a facility with an RDAP program starting in May 2009 or home confinement or placement in a halfway house for 18 months. Wooden's request was denied, and he was advised that his transfer from FPC Pensacola was exempted from the Freedom of Information Act based on security concerns. Wooden appealed this denial with the Regional Office. The Regional Office denied Wooden's request and informed him the issues raised were repetitive and previously raised in Regional Administrative Remedy Appeal Numbers 542935-R1, 534865-R1, and 543736-R1. Respondent avers that Wooden did not file an appeal. (Id. at pp. 5-8).

Respondent contends that Wooden failed to exhaust his administrative remedies because he did not file an appeal of the denials of his administrative remedy requests with the BOP's Central Office, which is the last step in the administrative grievance process. Respondent asserts that Wooden's own exhibits demonstrate he did not appeal the denials of his administrative grievances. Respondent also asserts that administrative resolution of Wooden's request is particularly needed in this case, as Wooden is now eligible for the RDAP at FSL Jesup. Respondent contends that Wooden will obtain the relief he seeks from the BOP during "the normal course of the processing of his RDAP eligibility by BOP personnel at FSL Jesup." (Id. at p. 11). Respondent asserts that Wooden did not exhaust his administrative remedies prior to filing this petition, and, accordingly, his petition should be dismissed.

Wooden contends that Respondent failed to address his claims regarding Administrative Remedy Request Number 530709-F1, which was granted and is the basis upon which he seeks judicial review. Wooden asserts that he requested to be transferred back to FPC Pensacola to be near his mother and to attend the RDAP at FPC Pensacola. Wooden also asserts that, on appeal, the Regional Office granted his requests to expunge the incident report and to be returned to FPC Pensacola. Wooden alleges that he wants this Court to instruct Respondent to comply with the grant of his requests.

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want

of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file an administrative remedy request with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons (the Central Office). Id. The General Counsel's Office has 40 calendar days to respond to an inmate's appeal. 28 C.F.R. § 542.18.

A review of the documentation before the Court[1] reveals that, in Administrative Remedy Request Number 530709-F1, Wooden contested the incident report because "staff at Pensacola Camp did not comply with the regulations on inmate discipline." (Doc. No. 8, p. 9). Wooden asserted that he was notified that he was under investigation on December 18, 2008, and was not seen by the Unit Discipline Committee ("UDC") until December 29, 2008, in violation of the "72 hours requirement."

---

[1] Based on Wooden's Traverse, the undersigned limits his discussion to Administrative Remedy Request Number 530709-F1.

5

(Id.). Wooden also asserted that the incident report did not contain sufficient evidence of wrongdoing and that the sanctions imposed against him were more severe than warranted for a "moderate offense" (id.), including a pending redesignation.

Wooden's request was "partially granted" because there "was no documentation indicating" why there was a delay in having a hearing or the reason for the delay. (Id. at p. 8). Wooden's incident report was re-opened and heard by the UDC. Wooden was advised that "[a]ny misbehavior at a Federal Prison Camp could constitute a transfer to another facility. Placement at a camp is a privilege and not a right." (Id.).

Wooden appealed the institutional response to the Regional Office, requesting that his incident report be expunged and that he be sent back to the Pensacola Camp. (Id. at p. 7). After a summary of his requests (expunging the incident report and returning him to FPC Pensacola), Wooden was informed that his incident report was reheard by the UDC and was expunged and that his Regional Administrative Remedy Appeal was granted. (Id. at p. 6).

According to Wooden, the only request he makes in this petition is that the BOP comply with its own records and place him in a facility closer to his mother. Wooden arguably exhausted his administrative remedies as to this request prior to filing this cause of action. In the administrative remedy request discussed above, Wooden complained about possibly being redesignated because of the incident report he received. Wooden made his complaint more clear on appeal when he requested that he be sent back to FPC Pensacola (where he was housed when he began his administrative filings about being re-designated or transferred) to be near his mother/the place where he will be released. The Regional Office recounted Wooden's requested

relief on appeal, including being returned to FPC Pensacola, and granted his appeal. The undersigned views this relief to include expunging the incident report from Wooden's record <u>and</u> returning Wooden to FPC Pensacola, as there is nothing in the response indicating that the granting of his appeal was only a partial grant of relief. Given this, it appears that Wooden was satisfied with the response he received from the Regional Office and, thus, he was not required to file an appeal with the Central Office. 28 C.F.R. § 542.15(a).

However, Wooden is not entitled to the relief he requests from this Court—to be transferred to a facility closer to his mother. Prisoners do not have a constitutionally protected right to be housed at a particular penal institution. See <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002). As Wooden has no liberty interest in being housed at a particular institution, Wooden's petition should be **denied**. This is not to say, however, that the Bureau of Prisons is not in the position to provide Wooden with his requested relief.

Finally, to the extent Wooden contends that prison officials took action against him based on retaliation or any other conditions of confinement claims, he is not entitled to relief pursuant to § 2241. A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if

successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being retaliated against for exercising their First Amendment right of redress, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Wooden's remaining contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by federal actors. Should Wooden wish to pursue the remainder of his claims, he may do so by filing a cause of action pursuant to section 1331 and Bivens. These portions of Wooden's petition should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the portion of Wooden's petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 be **DENIED**. The remaining portions of Wooden's petition should be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 1st day of ~~January~~ February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE